26 F.3d 139
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Georgia S. McGUIRE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3045.
 United States Court of Appeals, Federal Circuit.
 April 28, 1994.
 
 Before NEWMAN, MAYER and LOURIE, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Georgia S. McGuire appeals the decision of the Merit Systems Protection Board, Docket No. AT0846930517-I-1, affirming a reconsideration decision of the Office of Personnel Management (OPM) that she is not entitled to transfer from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). The decision is affirmed.
 
 Discussion
 
 2
 Ms. McGuire voluntarily retired from Federal employment in September of 1987. Her disability retirement application, based on severe chronic asthmatic bronchitis aggravated by exposure to cigarette smoke, was approved by the OPM on September 23, 1987,[1] and was received by the Air Force on September 25, 1987. An annuity summary generated in response to Workers Compensation requests by Ms. McGuire states that her last day in pay status was September 25, 1987. The Notification of Personnel Action states that separation from service occurred on September 29, 1987. At the time of her retirement Ms. McGuire was enrolled in the CSRS.
 
 
 3
 Ms. McGuire states that on September 29, 1987 she orally requested transfer from the CSRS to the FERS, and therefore that her request was timely made. Her first written request for transfer was by letter dated October 29, 1987. On November 6, 1987 Ms. McGuire was advised by the Air Force that when she became an annuitant she was no longer a Federal employee, and could not transfer to the FERS. Because this letter did not include the information that she could appeal to OPM, the Air Force issued another letter on January 27, 1993. On February 3, 1993 Ms. McGuire filed a timely appeal to OPM, who denied her request on the basis that she had not requested transfer while she was a Federal employee. The MSPB affirmed, and this appeal ensued.
 
 
 4
 * The Federal Employees Retirement Act of 1986 (FERSA), Pub.L. No. 99-335, Sec. 301(a)(1)(A), 100 Stat. 514, 599 (1986) provides that:
 
 
 5
 Any individual ... who, as of June 30, 1987, is employed by the Federal Government, and who is then subject to subchapter III of chapter 83 of title 5, United States Code [the CSRS], may elect to become subject to chapter 84 of such title [the FERS].
 
 
 6
 The time set for Federal employees to elect to transfer to the FERS was July 1, 1987 to December 31, 1987. FERSA Sec. 301(a)(1)(B), 100 Stat. at 599; 5 C.F.R. Sec. 846.201(a). Transfer to the FERS was available to Ms. McGuire before her retirement, but not thereafter.
 
 
 7
 Ms. McGuire states that she made an oral request to transfer to the FERS before her retirement took effect, and that she submitted a written transfer request before the deadline of December 31, 1987.
 
 
 8
 The MSPB found that Ms. McGuire's last day on the Federal rolls in pay status was September 25, 1987, and that her disability retirement annuity became effective September 26, 1987. The Board found she was no longer a Federal employee at the time of her oral request on September 29, 1987, or at the time of her written request on October 29, 1987. Despite the inconsistency in dates on the various federal forms, there is substantial support for the Board's determination that Ms. McGuire was not an employee at the time of her request to transfer to FERS.
 
 
 9
 The Board also held that whether Ms. McGuire received information concerning transfer to the FERS program while she was still an employee was irrelevant. Although we do not agree that it is irrelevant, in her October 29, 1987 letter Ms. McGuire stated that she was offered the opportunity to transfer to the FERS "several months ago" but chose not to do so. This admission moots the issue of relevance. It also contravenes Ms. McGuire's argument that she was not given any information concerning FERS while she was an employee.
 
 
 10
 The MSPB correctly held that Ms. McGuire was not a Federal employee at the time of her oral and written requests to transfer to the FERS.
 
 B
 
 11
 Ms. McGuire also argues that her retirement was involuntary, and was necessitated by her allergic reaction to the cigarette smoke to which she was exposed in her work area. She requests reinstatement. This issue had been raised by Ms. McGuire in a separate action before the MSPB, which action was dismissed as untimely filed. McGuire v. Department of the Air Force, AT-0752-93-0251-I-1 (Feb. 13, 1992), aff'd, McGuire v. Merit Systems Protection Board, 989 F.2d 1202 (Fed.Cir.1993) (table).
 
 
 12
 OPM states that the doctrine of res judicata bars Ms. McGuire from raising this issue. However, the dismissal of a claim as untimely filed is not "a final judgment rendered by a court of competent jurisdiction on the merits". Black's Law Dictionary 1305 (6th ed. 1990) (defining res judicata ). Nonetheless, the issue on this appeal is solely whether Ms. McGuire is eligible to transfer from the CSRS to the FERS. On this issue, we affirm the decision of the Board.
 
 
 
 [1]
 This is the date on the OPM Notice of Approval of Disability Retirement Application. A letter from OPM to Ms. McGuire dated April 14, 1993 states that her application was approved on September 18, 1987